O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZIZ MEGHJI, | ) Case Nos. 2:12-CR-851-CAS-2 |
| | )              2:17-CV-3536-CAS |
| Petitioner, | ) |
| v. | ) |
| | ) **ORDER** |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Respondent. | ) |

## I. INTRODUCTION AND BACKGROUND

On May 20, 2014, pursuant to a plea agreement, defendant Aziz Meghji entered guilty pleas to count one, conspiracy to make false statements to federally insured financial institutions and to commit wire fraud, in violation of 18 U.S.C. § 371, and to count thirty-three, aggravated identity theft, in violation of 18 U.S.C. § 1028A. United States v. Meghji, et al., 12-CR-851-CAS-2 ("CR"), dkt. 155. Defendant's guilty plea stemmed from his involvement in a mortgage fraud and equity-skimming scheme in which defendant and his co-conspirators engaged in a real estate fraud scheme, which stole equity from homeowners and defrauded banks through fraudulent loans.
/ / /

-1-

The Presentence Report calculated defendant's offense level at 32 for the conspiracy count. CR dkt. 265 ("PSR") at 18–22. Pursuant to 18 U.S.C. § 1028A, the PSR calculated a two-year mandatory minimum term of imprisonment for the aggravated identity theft count, running consecutively to any other term of imprisonment. Id. at 17, 30.

The government largely concurred with the PSR, but argued that with respect to the conspiracy count, the base offense level should be 7, the victim adjustment should add 4 points, and thus the calculated offense level should be 35. CR dkt. 330 at 5–10. After adjusting the level to 25 (equivalent to the 60-month statutory maximum for this count), the government moved for a 4-level downward departure for defendant's substantial assistance to the government pursuant to U.S.S.G. § 5K1.1—from level 25 to 21—and also moved for a 2-point downward variance to level 19 pursuant to United States v. Booker, 543 U.S. 220 (2005) and 18 U.S.C. § 3553(a). Id. at 17–22.

In response, and with respect to the conspiracy count, defendant argued for a 7-level section 5K1.1 departure and a 4-level Booker variance. CR dkts. 325 at 2; 340 at 14–15.

At sentencing, the Court adopted the government's 4-level section 5K1.1 departure and increased the Booker variance to 4 levels because of defendant's characteristics. Dkt. 14 & Ex. 6, RT 1/4/2016: 23–24. Consequently, on January 6, 2016, the Court entered judgment and committed Aziz Meghji to a 48-month term of imprisonment: 24 months for conspiracy to commit wire fraud and loan fraud, and a mandatory consecutive term of 24 months for aggravated identify theft. CR dkt. 348.

On April 26, 2017, defendant—acting pro se—filed a letter with the Court entitled "Motion to Reduce Time to be Served in Incarceration & Hopefully Get Supervised Early Release."[1] Dkt. 1 ("Motion"). On August 30, 2017, the government filed a motion to
///

---

[1] Defendant did not provide a statutory basis for his request for sentence reduction.

dismiss defendant's Motion and characterized defendant's motion as a motion pursuant to 28 U.S.C. section 2255. Dkt. 14 ("MTD").

On December 28, 2017, the Court notified defendant that he may (a) file a statement consenting to the government's characterization of his request for sentence relief as a motion to vacate, set aside or correct the sentence under 28 U.S.C. section 2255, or (b) withdraw his request and file a motion bringing all claims for relief pursuant to section 2255 in a single, all-inclusive motion. See Dkt. 16 ("Order"). If defendant chose not to file a response to the Order within 60 days, the Court indicted that it would not construe defendant's request as a section 2255 motion, and indicated that it may instead construe defendant's request as a motion pursuant to 28 U.S.C. section 2241 or 18 U.S.C. section 3582(c)(2). See id. Defendant did not respond to the Court's notification within 60 days; accordingly, the Court shall construe defendant's request as a motion pursuant to 18 U.S.C. section 3582(c)(2).[2]

## II. DISCUSSION

Defendant requests the Court to reduce his sentencing due to his cooperation with the government, his knowledge of the plea agreement, and his lack of other criminal history. Motion at 1–2. In particular, defendant asserts that he was "the main information link for the prosecution" and that he did not realize that, as part of his plea agreement, he would be "looking at four years of jail time." Id. at 1. Defendant contends that other than the events leading to his conviction, he has never been involved in criminal acts or conspiracies. Id. Defendant also asserts that, unrelated to the criminal charges, he received his broker's license in October of 2010 and did not conduct illegal transactions while operating under this license; upon his indictment in September 2012, he "gave up all interest in conducting real estate business" in a good faith showing of

---

[2] Because defendant does not appear to challenge the manner, location, or conditions of his sentence, the Court declines to construe defendant's request to reduce his sentence under section 2241. See Brown v. United States, 610 F.2d 672, 677 (9th Cir.1990).

transparency. Id. at 2. During an approximately four-year period of supervised release, defendant contends that he became a successful manager at U-Haul and developed a position reputation with his clients and supervisors. Id. In light of the above considerations, and because defendant seeks to be reunited with his wife and children, defendant seeks the consideration of the Court to reduce his sentence. Id.

In its motion to dismiss, the government notes that during defendant's plea colloquy, defendant was accurately advised of the maximum term of imprisonment if he pleaded guilty to counts 1 and 33—seven years—and that defendant acknowledged that he "fully underst[ood] the nature of the charges against [him] and the possible maximum sentence [he] could receive as well as any possible mandatory minimum in [the] case." MTD at 4. The government construes defendant's motion as a motion for relief from his sentence pursuant to 28 U.S.C. section 2255—contending that section 2255 is the sole remedy for attacks to his conviction and sentence—and argues that, pursuant to section 2255, the instant motion is time-barred. Id. at 2, 7.

Because defendant did not respond to the Court's December 28, 2017 Order, the Court construes defendant's request as a motion pursuant to 18 U.S.C. section 3582(c)(2). Eligibility for consideration under section 3582(c) is triggered only by an amendment listed in U.S.S.G. section 1B1.10(c) that lowers the guideline range. A court may not reduce a sentence that resulted from guidelines other than those revised by the amendments listed in U.S.S.G. § 1B1.10(c). In relevant part, 18 U.S.C. section 3582(c)(2) provides that

> [t]he court may not modify a term of imprisonment once it has been imposed except that—in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... the court may reduce the term of imprisonment, after considering the factors set forth in Section 3553(a) to the extent they are applicable....

///

A motion brought pursuant to § 3582(c)(2), however, "is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the original sentence." United States v. Whitebird, 55 F.3d 1007, 1011 (5th Cir.1995). "Rather, it is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give certain defendants the benefits of an amendment to the Guidelines." Id.

Determining whether a sentence reduction is appropriate under section 3582(c)(2) entails a two-step inquiry. See United States v. Kou Yang, No. 08-CR-0093 KJM, 2018 WL 1173825, at *2 (E.D. Cal. Mar. 6, 2018) (citing United States v. Dunn, 728 F.3d 1151, 1155 (9th Cir. 2013)). Step one asks whether a prisoner is "eligible for a sentence modification under the Commission's policy statement in U.S.S.G. § 1B1.10." Id. (citing Dillon v. United States, 560 U.S. 817, 817-18 (2010)). That policy statement enumerates a list of Guidelines amendments that are available to retroactively reduce sentences imposed for certain offenses. See U.S.S.G. § 1B1.10(d). If the answer at step one is no, the analysis ends there and the court lacks jurisdiction to modify the sentence under section 3582(c)(2). See id. (citing United States v. Spears, 824 F.3d 908, 916 (9th Cir. 2016)). If the answer is yes, the district court turns to step two and weighs certain factors to assess whether a sentence reduction is warranted. See id. (citing Dunn, 728 F.3d at 1155).

Here, defendant's petition cannot succeed on step one, as it does not appear that any amendment identified in U.S.S.G. section 1B1.10 applies to defendant's sentencing under the Guidelines. Accordingly, the Court finds that a sentence reduction pursuant to section 3582(c)(2) is not warranted.

///
///
///
///

## III. CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendant's request for a reduction of sentence and **DENIES** the government's motion to dismiss as moot.

IT IS SO ORDERED.

DATED: April 3, 2018

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE